UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ASHLEY KEMPS,
on behalf of herself and
those similarly situated,

      Plaintiff(s),      **CASE NO.:**

vs.

ALACRITY SOLUTIONS GROUP, LLC, a
Foreign Limited Liability Company,

      Defendant.      /

## COLLECTIVE ACTION COMPLAINT

Plaintiff, ASHLEY KEMPS on behalf of herself and those similarly situated ("Plaintiff" or "Plaintiffs"), by and through undersigned counsel, files this Complaint against Defendant, ALACRITY SOLUTIONS GROUP, LLC ("Defendant") a Foreign Limited Liability Company, and states as follows:

**I.    NATURE OF THE ACTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that she and all similarly situated class members are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief pursuant to 28 U.S.C. §2201.

2. Defendant employs "Claims Adjusters" to provide adjusting services on insurance claims made by insured policy holders. These Claims Adjusters, and other similarly situated workers, were paid a day rate for all hours worked with no additional overtime

compensation paid for overtime hours worked. These Claims Adjusters work long hours to perform their work, and operate under very tight direction, control and supervision of Defendant. These Claims Adjusters have been misclassified as independent contractors under the FLSA and should have been classified as employees. As such, they are entitled to overtime compensation for overtime hours worked.

## II.     PARTIES

### *Alacrity Solutions Group, LLC*

3. Defendant does business as "Alacrity Solutions Group, LLC," and operates an independent adjusting firm providing full-service handling of residential, commercial, automotive, flood, and other claims. *See https://www.alacritysolutions.com/lines-of-business/*.

4. According to Defendant's website, Defendant hires and engages talented, motivated, and committed professionals to serve its customers across North America with "best in class" services. *See https://www.alacritysolutions.com/about/careers/*

5. Further, Defendant's "Join the Team" page of its website, allows individuals the opportunity to apply for various full-time positions, including "Adjuster". *See Id.*

6. Defendant is a Foreign limited liability company that operates and conducts business in Hamilton County, Indiana.

7. Specifically, Defendant lists its principal address as 9725 Windermere Blvd., Fishers, Indiana 46037, and is therefore within the jurisdiction of this Court. *See* Indiana Secretary of State website at *https://bsd.sos.in.gov/publicbusinesssearch*

8. Through the operation of Defendant, hundreds of thousands of insurance claims are processed each year.

### *Cross Country Adjusting LLC*

9. Cross Country Adjusting LLC, (hereafter "Cross Country") is/was a South Carolina Limited Liability Company.

10. Cross Country lists/listed its corporate address as 1305 South Pearl Street, Pageland, South Carolina 29728. *See https://www.ccadjust.com/contact-us/*

11. Plaintiff, and those similarly situated, were employed by Cross Country as "Claims Adjusters" within the last three (3) years.

12. Cross Country misclassified Plaintiff, and those similarly situated, as independent contractors.

13. Cross Country compensated Claims Adjusters, such as Plaintiff and those similarly situated, on a day rate basis.

14. On November 15, 2023, Defendant announced its acquisition of Cross Country. *See https://www.alacritysolutions.com/alacrity-solutions-acquires-cross-country-adjusting/*

15. Notably, Cross Country was Defendant's 15th acquisition since 2015. *See* Id.

16. When it acquired Cross Country, Defendant retained Cross Country's claims adjusters, including Plaintiff and others.

### *Plaintiff Ashley Kemps*

17. Plaintiff, ASHLEY KEMPS, worked for Cross Country beginning approximately 2021 through Defendant's acquisition of Cross Country and was then retained by Defendant continuing her employment as a Claims Adjuster.

18. During her employment with Cross Country and then Alacrity, Plaintiff, and those similarly situated Claims Adjustors, earned a daily rate.

19. Plaintiff, and those similarly situated Claims Adjustors, regularly worked more

3

than forty (40) hours per week.

20. Specifically, Plaintiff, and those similarly situated Claims Adjustors, routinely worked ten (10) hour days or more, and worked 6-7 days per week.

21. Defendant failed to compensate Plaintiff, and those similarly situated Claims Adjustors, overtime compensation during one or more workweeks in which they worked more than forty (40) hours.

### III. JURISDICTION AND VENUE

22. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

23. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

24. Venue is proper in this judicial district because Defendant maintains offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### IV. COVERAGE

25. Defendant is/was an enterprise as defined within section 3(r)(1) of the FLSA.

26. At all material times, Defendant was an enterprise in commerce or in the production of goods for commerce and have at least two employees that handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

27. Specifically, Defendant had two or more employees who regularly handled goods or materials that have been moved in or produced for commerce, such as laptops, telephones, headsets, notepads, pens/pencils, binders, office furniture, and other office tools/materials.

28.     At all times relevant hereto, Defendant had an annual gross volume of sales or did business of more than $500,000.00 of revenue per year.

29.     Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V.    DEFENDANT EMPLOYED PLAINTIFFS UNDER THE FLSA

30.     At all times material hereto Plaintiff, and those similarly situated Claims Adjustors, were employed by Cross Country or another acquired company, and later by Defendant, within the meaning of FLSA and were misclassified as independent contractors.[1]

31.     Specifically, Defendant assumed all of Cross Country's liabilities, including Plaintiff's FLSA claims, upon acquiring Cross Country.

32.     Based on information and belief, Defendant assumed all of the other acquired companies' liabilities, including FLSA claims, for Claims Adjustors paid only a day rate.

33.     The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

34.     Plaintiff, and those similarly situated, were recruited and hired by Defendant to perform adjusting duties under the supervision of Defendant.

35.     Throughout their employment, Plaintiff, and those similarly situated, performed work on behalf of Defendant and were paid a day rate by Defendant.

36.     At all times material hereto, Defendant determined the nature and amount of Plaintiff's, and those similarly situated, rate of pay.

37.     Defendant exists for the business purpose of processing, evaluating, litigating, and

---

[1] Upon information and belief, once Plaintiff, and those similarly situated, were retained by Defendant after its acquisition of Cross Country, Defendant properly classified those retained Claims Adjusters as employees.

5

paying out claims to policyholders.

38. Defendant supervisors reviewed and oversaw the work performed by Plaintiff, and those similarly situated, and gave them daily instruction regarding their work.

39. Plaintiff, and those similarly situated, were/are required and instructed by Defendant to seek approval on matters of importance with respect to adjusting services on pending cases.

40. Plaintiff, and those similarly situated, were trained by Defendant on its policies and procedures.

41. Defendant would critique and criticize Plaintiff's, and those similarly situated, work if it did not meet these policies and procedures.

42. Defendant provided Plaintiff, and those similarly situated, the claims and software needed to perform necessary adjusting work.

43. Plaintiff, and those similarly situated, could not employ their own workers to perform associated adjusting work.

44. Without Plaintiff, and those similarly situated, performing their job duties, Defendant would not be able to successfully operate.

45. Plaintiff, and those similarly situated, work is integral to Defendant.

46. At all times material to this action Defendant also directly or indirectly controlled other aspects of the day to day employment of Plaintiff, and those similarly situated, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such Claims Adjusters performance of their duties.

47. Based on the foregoing, Defendant is/was an employer as defined under the FLSA and employed Plaintiff, and those similarly situated, which worked under Defendant.

## VI. FLSA VIOLATIONS

48. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See*, *Billingsley v. Citi Trends Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

49. Defendant failed to pay Plaintiff, and those similarly situated Claims Adjustors, proper overtime compensation because Defendant, and the companies it acquired, misclassified Plaintiff, and those similarly situated Claims Adjustors as independent contractors and purported to pay them a "day-rate" with no overtime premiums despite Plaintiff, and those similarly situated Claims Adjustors, working in excess of 40 hours per week.

50. Plaintiff, and those similarly situated Claims Adjustors, have all been victimized by Defendant's common policy and plan to violate their rights under the FLSA by denying overtime compensation for overtime hours worked in a given workweek.

51. During the course of their employment, Plaintiff, and those similarly situated Claims Adjustors, regularly worked in excess of forty (40) hours in individual workweeks.

52. Instead of paying overtime compensation, Defendant paid Plaintiff, and those similarly situated Claims Adjustors, purported "day rates", based on the number of days they worked irrespective of the number of hours they worked each week.

53. Plaintiff, and those similarly situated employees, typically worked ten (10) hour (or more) days, 6-7 days per week.

54. Plaintiff, and those similarly situated employees, were paid a flat rate of approximately $500 per day for work performed.

55. It was not uncommon for Plaintiff, and those similarly situated employees, to work between sixty (60) and seventy (70) hours in a given week.

56. All of Defendant's Claims Adjusters worked similar hours and are entitled to overtime compensation.

## VII. COLLECTIVE ACTION CLAIMS

57. Plaintiff brings this collective action to recover the unpaid overtime wages owed to them and all others similarly situated on behalf of the following class:

> All Claims Adjusters, or other similarly situated adjustors, who were solely paid a purported "day rate" and who worked for Defendant (or any company acquired by Defendant) at any location within the United States, within the three year period preceding the filing of this Complaint

58. Plaintiff, and all class members, were all Claims Adjusters misclassified as independent contractors and who performed the same or similar job duties as one another in that they provided insurance adjusting services at the direction and on behalf of Defendant.

59. Further, Plaintiff, and all putative class members, were subjected to the same pay provisions in that they were all paid "day rates," but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

60. The specific job titles or precise job responsibilities of each putative class member does not prevent collective treatment.

61. All putative class members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

62. Although the exact amount of damages may vary across putative class members, the damages for putative class members can be easily calculated by a formula.

63. The claims of all putative class members arise from a common nucleus of facts.

64. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all putative class members.

65. Defendant's failure to pay overtime compensation as required by the FLSA results from generally applicable policies or practices of failing to assure that Plaintiff and the putative class members are/were paid for overtime hours.

66. These policies and/or practices were uniformly applicable to Plaintiff and the putative class members.

67. Application of these policies and/or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

68. Rather, the same policies and/or practices which resulted in the non-payment of overtime wages to Plaintiff applied to all putative class members.

69. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the putative class members.

70. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

71. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without

compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

72. Defendant has acted willfully in failing to pay Plaintiff and the putative class members in accordance with the law.

73. Defendant has failed to maintain accurate records of Plaintiff and the putative class members' work hours in accordance with the law.

74. Because Defendant's records are inaccurate and/or inadequate, Plaintiff and the putative class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

**COUNT I**
**Violation of the FLSA – Overtime Wages**
*Plaintiff on behalf of herself and similarly situated employees*

75. Plaintiff incorporates and re-allege paragraphs 1 through 74 as though set forth herein.

76. This Count arises from Defendant's violation of the FLSA for their failure to pay the Plaintiff and all putative class members one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.

77. As described above, Defendant misclassified Plaintiff and all putative class members as independent contractors under the FLSA.

78. Defendant directed Plaintiff to work, and Plaintiff did work, more than forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

79. The putative class members were also directed to work more than forty (40) hours

in individual workweeks within the three (3) years prior to filing this lawsuit.

80. Plaintiff and the putative class members are entitled to be paid overtime wages for all time worked more than forty (40) hours in individual workweeks.

81. Defendant did not pay Plaintiff and the putative class members any overtime wages for all time worked more than forty (40) hours in individual workweeks.

82. Defendant's failure to pay Plaintiff and the putative class members overtime wages for all time worked more than forty (40) hours in individual workweeks was a violation of the FLSA.

83. Defendant failed to keep adequate records of Plaintiff's and the putative class members' work hours and pay in violation of section 211(c) of the FLSA.

84. Plaintiff and the putative class members are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the class members;

C. Liquidated damages in the amount equal to the unpaid overtime wages for Plaintiff and all class members;

D. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: 22nd day of February, 2024. Respectfully submitted,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Bar No.:  0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com

*/s/ Matthew Gunter*
Matthew Gunter, Esq.
FL Bar No.: 0077459
*Pro Hac Application Forthcoming*
C. Ryan Morgan, Esquire
FL Bar No.:  0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
Telephone: (407) 236-0946
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Email: rmorgan@forthepeople.com

*Counsel for the Plaintiff(s)*