UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ASHLEY KEMPS,
on behalf of herself and
those similarly situated,

       Plaintiff(s),                      CASE NO.: 1:24−cv−00336− TAB-MPB

vs.

ALACRITY SOLUTIONS GROUP, LLC, a
Foreign Limited Liability Company,

       Defendant.             /

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**

Plaintiffs, ASHLEY KEMPS, on behalf of herself and those similarly situated, and Defendant, ALACRITY SOLUTIONS GROUP, LLC (collectively "Parties"), by and through their counsel. The Parties jointly request that the Court approve the Parties' proposed settlement of Plaintiffs' claims.

**SUMMARY**

1. Plaintiffs filed the instant action against Defendants for "overtime" wages allegedly due to Plaintiffs pursuant to the Fair Labor Standards Act (FLSA).

2. The Parties engaged in informal discussions regarding settlement and exchanged pay and time records in an effort to resolve this matter through mediation/settlement conference.

4. Plaintiffs and their counsel discussed the alleged overtime hours and pay rate and formulated their own proposed settlement figures. Defendant and its counsel likewise formulated its own damage model while disputing that Plaintiff and the opt-ins were properly classified as independent contractors. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of

1

their settlement. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

5. Through a successful mediation/settlement conference overseen by Magistrate Judge Tim Baker, Plaintiffs and Defendants agreed that Plaintiff, and the 11 opt-ins were able come to a compromise on damages, liquidated damages, and attorneys' fees. This settlement is more fully described in the Settlement Agreement.

6. The Plaintiffs' acceptance of Defendant's offer is reasonable as the Plaintiff and 11 opt-ins will be receiving more than Defendant's damage calculations, but also less than Plaintiff's damage calculations. Indeed, beyond the misclassification dispute, the parties disputed the number of overtime hours worked for the Plaintiff and 11 opt-ins and engaged in arm's length negotiations throughout the mediation/settlement conference.

5. Defendant is also paying Plaintiffs' attorneys' fees and costs as stated in the Settlement Agreement. Plaintiff represents and Defendant agrees that the fees and costs reflected in the Settlement Agreement are reasonable.

6. The Parties stipulate that they had a bona fide dispute and that the Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All Parties have been represented by counsel throughout the litigation.

7. Counsel for both Parties agree that, in their respective opinions, the settlement is fair and reasonable.

8. The Parties attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement.

## **MEMORANDUM OF LAW**

**I.     Legal Principles**

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See, e.g., Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, (1945). This general rule recognizes that there are often inequalities in bargaining power between employees and employers. However, if certain conditions are met, an employee may settle and waive FLSA claims against an employer.

Currently, there are only two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA specifically allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to employee is supervised by the Secretary of Labor. 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastrn Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir., 1947).

Therefore, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement agreement between the employer and the employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Lynn*, 679 F.2d at 1354.

**II.      Analysis**

The instant case involves a situation in which the Court may allow Plaintiff to settle and release her FLSA claims against Defendant. The proposed settlement arises out of an adversarial context.  All Parties have been represented by counsel throughout the litigation.

After reviewing the Defendant's records, Answer and Affirmative Defenses, the Plaintiff is satisfied that the amount of the settlement represents a fair estimate of the amount they claim to be owed.  The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys.

WHEREFORE, the Parties respectfully request that this Court grant the Parties' Joint Motion for Approval of Settlement and Dismissal of this Matter.

Dated:  February 14, 2025.                              Respectfully Submitted,

| | |
|---|---|
| */s/ Kimberly De Arcangelis*<br>Kimberly De Arcangelis, Esq.<br>Bar No.:  0025871<br>Morgan & Morgan, P.A.<br>20 N. Orange Ave., 15th Floor<br>Orlando, FL 32801<br>Telephone: (407) 420-1414<br>Facsimile: (407) 245-3383<br>Email: kimd@forthepeople.com<br><br>*/s/ Matthew Gunter*<br>Matthew Gunter, Esq.<br>FL Bar No.: 0077459<br>*Admitted Pro Hac Vice*<br>C. Ryan Morgan, Esquire<br>FL Bar No.:  0015527<br>Morgan & Morgan, P.A.<br>*Admitted Pro Hac Vice*<br>20 N. Orange Ave., 15th Floor<br>Orlando, FL 32801<br>Telephone: (407) 236-0946<br>Facsimile: (407) 867-4791<br>Email: mgunter@forthepeople.com | s/ Michael C. Terrell<br>Michael C. Terrell mterrell@taftlaw.com<br>Melissa A. Macchia<br>mmacchia@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>(317) 713-3500<br><br>Andrew S. Murphy<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 E. Wacker Dr., Suite 2800 Chicago, Illinois 60601<br>(312) 836-4145<br>amurphy@taftlaw.com<br>*Counsel for Defendant Alacrity Solutions Group, LLC* |

-5-

| Email: rmorgan@forthepeople.com<br>Counsel for Plaintiff(s) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

*/s/ Matthew Gunter*
Matthew Gunter, Esq.